NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHERI WONG, | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | : | Civil Case No. 12-5915 (FSH) |
| v. | : | **OPINION & ORDER** |
| NJ DEPT OF CHILDREN & FAMILIES, | : | Date: October 1, 2013 |
| Defendant. | : |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.  BACKGROUND**

Plaintiff Cheri Wong ("Wong" or "Plaintiff") brings this suit against her former employer, the New Jersey Department of Children and Families ("NJDCF" or "Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, Titles I and V of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Plaintiff alleges that she was discriminated against based on her disability between February and May of 2010. Plaintiff resigned May 1, 2010. [Dkt. No. 21 at 3.]

Plaintiff filed her Complaint on September 20, 2012 and is proceeding *pro se*.[1]

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions

---

[1] When considering a *pro se* complaint, the Court is mindful that it must construe the complaint liberally in favor of the plaintiff.  *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id*.

devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

### III.  DISCUSSION

Defendant moves to dismiss Plaintiff's case on four grounds:  (i) Plaintiff's Complaint does not meet the pleading requirements of Rule 8(a); (ii) Plaintiff's Title VII claim must be dismissed because disability is not a protected class covered by that act; (iii) Plaintiff's Rehabilitation Act claim must be dismissed because there is no private cause of action under that act, and Plaintiff has failed to allege any facts to support a cause of action; and (iv) Plaintiff's claims under Titles I and V of the ADA must be dismissed because Defendant is immune from suit under the Eleventh Amendment.  The Court addresses Defendant's arguments (ii) through (iv) below.[2]

#### a. Title VII

Title VII of the Civil Rights Act prohibits discrimination based on a person's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  "[E]very Title VII plaintiff must demonstrate, *inter alia*, that she suffered discrimination based upon her membership in a class protected under Title VII." *Patterson v. AFSCME # 2456*, 320 F. App'x 143, 147 (3d Cir. 2009). Simply put, Plaintiff has not alleged any discrimination due to a protected class listed in Title VII.  Disability is not a protected class under Title VII, and this is fatal to Plaintiff's Title VII claims.  *See id.*; *see also Rawlins v. New Jersey Transit*, Civ. No. 08-01574, 2010 WL 5252841, at *2 (D.N.J. Dec. 17, 2010) *aff'd*, 431 F. App'x 145 (3d Cir. 2011); *Gandy v. Pepsi-Cola & Nat. Brand Beverages, Ltd.*, Civ. No. 10-1932, 2012 WL 3821873, at *2 n.5 (D.N.J. Sept. 4, 2012). Plaintiff's Title VII claims are dismissed with prejudice.

---

[2] The Court does not reach Defendant's first argument as all of Plaintiff's claims are dismissed on other grounds.

### b. The Rehabilitation Act

Plaintiff provides no specificity as to which provisions of the Rehabilitation Act were allegedly violated in her Complaint.[3] Defendant moves to dismiss Plaintiff's Rehabilitation Act claims for two reasons. First, Section 503(a) of the Rehabilitation Act does not provide a private right of action. Second, Defendant argues that Plaintiff has failed to state a claim under Section 504 of the Rehabilitation Act.

Any cause of action under Section 503(a) of the Rehabilitation Act must be dismissed. There is no private right of action under Section 503(a). *Beam v. Sun Shipbuilding & Dry Dock Co.*, 679 F.2d 1077, 1078 (3d Cir. 1982) (holding that there is no private right of action under Section 503(a) of the Rehabilitation Act). Therefore, Plaintiff's claims under § 503 of the Rehabilitation Act are dismissed with prejudice.

In contrast, Section 504 of the Rehabilitation Act is enforceable through a private right of action. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Under Section 504, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794. The act defines "program or activity" to include "all of the operations of -- (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b). "To state a claim under § 504, a plaintiff must demonstrate that: (1) she is a qualified individual with a disability; (2) she was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) she was discriminated

---

[3] In Plaintiff's opposition, she refers to Sections 501 and 505 of the Rehabilitation Act, but neither section addresses prohibitions on discrimination due to a disability. Section 501 addresses the creation of reports, committees, and a federal affirmative action plan. *See* 29 U.S.C. § 791. Section 505 addresses remedies and attorney's fees for certain violations of the Rehabilitation Act. *See* 29 U.S.C. § 794a.

against based on her disability."[4]  *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 551 (D.N.J. 2000).  Plaintiff does not allege that the New Jersey Department of Children and Families receives federal funding.  Because receipt of federal funding is a prerequisite for the application of Section 504 of the Rehabilitation Act, Plaintiff has not alleged sufficient facts to support a claim under § 504.  *See U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986) ("Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance because it sought to impose § 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds.").  The Court dismisses this claim without prejudice.  *See Townsend v. New Jersey Transit & Amalgamated Transit Union*, Civ. No. 09-1832, 2010 WL 3883304, at *3 (D.N.J. Sept. 27, 2010) (dismissing a Rehabilitation Act claim due to a lack of factual support in the complaint).

     **c.  The Eleventh Amendment and the ADA**

Defendant argues that Plaintiff's ADA claims under Title I and Title V of that act must be dismissed under the Eleventh Amendment.  In response, Plaintiff argues that the United States Equal Opportunity Commission Department of Justice, Civil Rights Division has a website that states Title I of the ADA applies to the states.[5]

---

[4] In addition to these threshold requirements, in order to make out a *prima facie* claim of employment discrimination under the Rehabilitation Act, the employee must show:  "(1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job.  The plaintiff must make a prima facie showing that reasonable accommodation is possible.  If the plaintiff is able to meet these burdens, the defendant then bears the burden of proving, as an affirmative defense, that the accommodations requested by the plaintiff are unreasonable or would cause an undue hardship on the employer." *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000).

[5] Plaintiff failed to provide any case law supporting her assertion of Title I or Title V claims against a state agency in federal court.

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment does not explicitly prohibit lawsuits by a state's own citizens, but the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). "[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, (2000). Absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). A state's consent to suit in federal court and waiver of sovereign immunity must be "unequivocally expressed." *Pennhust State Sch. v. Halderman*, 465 U.S. 89, 99 (1984).

Suits brought in federal court under Title I of the ADA to recover money damages from a state are barred by the Eleventh Amendment.[6] *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001). This immunity extends to state agencies and departments. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Plaintiff brings her Title I ADA claim against the

---

[6] The Court notes that the *Ex parte Young* exception to the Eleventh Amendment in the form of injunctive relief does not apply in this instance for at least two reasons: (i) Plaintiff's suit is not against a state officer in her official capacity and (ii) Plaintiff does not allege a present violation of federal law. *See Papasan v. Allain*, 478 U.S. 265, 278 (1986).

NJDCF. The NJDCF is a department of the State of New Jersey and is protected from Title I claims by the Eleventh Amendment. *Garrett*, 531 U.S. at 360. Therefore, Plaintiff's Title I ADA claim is dismissed with prejudice as barred by the Eleventh Amendment.

Whether retaliation claims under Title V of the ADA against a state are foreclosed by sovereign immunity has not yet been addressed by the Third Circuit. But several district courts in New Jersey have addressed this question and concluded that Title V claims are barred by the Eleventh Amendment. *See*, *e.g.*, *Sweet-Springs v. Dep't of Children & Families*, Civ. No. 12-706, 2013 WL 3043644, at *6 n.9 (D.N.J. June 17, 2013) (finding that Title V claims were barred by the Eleventh Amendment); *Hughes v. State of New Jersey, Office of Pub. Defender/Dep't of Pub. Advocate*, Civ. No. 11-01442, 2012 WL 761997, at *4 (D.N.J. Mar. 7, 2012) (same); *Foster v. New Jersey Dep't of Transp.*, Civ. No. 04-101, 2005 WL 3542462, at *5 n.7 (D.N.J. Dec. 27, 2005) (noting that both Title I and Title V claims under the ADA were barred by the Eleventh Amendment) *aff'd*, 255 F. App'x 670 (3d Cir. 2007). Similarly, the other circuits have analyzed Title V in the context of the Eleventh Amendment and found that sovereign immunity attached to Title V at least when the Title V claims were predicated on alleged violations of Title I. *See*, *e.g.*, *Lors v. Dean*, --- F.3d ----, Civ. No. 12-2955, 2013 WL 4017323, at *4 (8th Cir. Aug. 8, 2013); *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001). The Court finds these cases persuasive. Plaintiff's Title V ADA claim is dismissed with prejudice as barred by the Eleventh Amendment.

IV. **CONCLUSION & ORDER**

For the reasons stated above;

**IT IS** on this 1st day of October 2013,

**ORDERED** that Defendant's Motion to Dismiss [Dkt. No. 24] is **GRANTED**; and

7

**IT IS FURTHER ORDERED** that Plaintiff's claims related to Section 504 of the Rehabilitation Act are **DISMISSED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's claims under Title I and Title V of the ADA, Section 503 of the Rehabilitation Act, and Title VII of the Civil Rights Act are **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that if Plaintiff intends to amend her Complaint, she must file the amended complaint in the form of a single document no later than **20 days** from the issuance of this order; and

**IT IS FURTHER ORDERED** that Defendant will have **20 days** from the date of service of any amended complaint to answer or otherwise move this Court.

          **/s/ Faith S. Hochberg_____**
          **Hon. Faith S. Hochberg, U.S.D.J.**